1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS EDWARD BERGERON, III, | CASE NO. C24-1815JLR |
| Appellant, | ORDER |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, et al., | |
| Appellees. | |

## I.      INTRODUCTION

Before the court are *pro se* Appellant Thomas Edward Bergeron III's appeals of

three orders of the United States Bankruptcy Court for the Western District of

Washington.  (*See* C24-1815JLR, Bergeron Br. (Dkt. # 10); Bergeron Reply Br. (Dkt.

# 14); C24-2069JLR, Bergeron Br. (Dkt. # 8); Bergeron Reply Br. (Dkt. # 11);

C24-2070JLR, Bergeron Br. (Dkt. # 8); Bergeron Reply Br. (Dkt. # 10).)  The court has

1    considered the parties' submissions, the balance of the record, and the applicable law.

2    Being fully advised,[1] the court AFFIRMS each of the appealed orders of the bankruptcy

3    court.

4                            **II.    BACKGROUND**

5            The three appeals before the court arise out of Mr. Bergeron's chapter 13

6    bankruptcy case before the United States Bankruptcy Court for the Western District of

7    Washington.  *See In re Bergeron III*, No. 24-11728CMA (Bankr. W.D. Wash.).[2]  Mr.

8    Bergeron filed his chapter 13 case on July 12, 2024.  (*See* Bankr. Dkt. # 1.)  Mr. Bergeron

9    filed a proposed chapter 13 plan of reorganization on August 9, 2024.  (Bankr. Dkt. # 20.)

10           As relevant here, Carrington Mortgage Services, LLC ("Carrington"), acting on

11   behalf of Deutsche Bank National Trust Company as Indenture Trustee for New Century

12   Home Equity Loan Trust 2006-1 ("Deutsche Bank"), filed a secured claim in the amount

13   of $927,191.79 incurred in connection with a note and deed of trust that Mr. Bergeron

14   and his wife executed in favor of New Century Mortgage Corporation ("New Century").

15   (*See* Claims Register, Claim 1-1; *see* Bankr. Dkt. # 23 at 1-2.)  On September 16, 2024,

16   Deutsche Bank objected to confirmation of Mr. Bergeron's proposed plan.  (Bankr. Dkt.

17   # 23.)  On September 23, 2024, Mr. Bergeron filed an objection to Deutsche Bank's

18   claim on the basis that there was no evidence, in Mr. Bergeron's view, that New Century

19   properly assigned its interest in the note and deed of trust to Deutsche Bank.  (Bankr.

20

21           [1] The parties did not request oral argument, and the court concludes that oral argument is
     not necessary to decide Mr. Bergeron's appeals.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

22           [2] Citations to the bankruptcy case docket hereinafter appear as "Bankr. Dkt."

Dkt. # 24 at 3.)  Mr. Bergeron therefore asserted that Deutsche Bank's claim was

fraudulent. *Id.* at 4.  Mr. Bergeron filed a notice setting his claim objection for hearing

on November 7, 2024.  (Bankr. Dkt. # 33.)[3]

On September 25, 2024, the chapter 13 trustee ("Trustee") objected to

confirmation of Mr. Bergeron's proposed plan on fifteen bases, including, among others,

that Mr. Bergeron failed to provide the Trustee with certain required information in

support of his proposed plan, failed to pay the filing fee, and that his proposed plan did

not meet the statutory requirements for confirmation.  (Bankr. Dkt. # 26.)  On September

26, 2024, the Trustee moved to dismiss Mr. Bergeron's bankruptcy case on the basis that

his proposed plan was filed in bad faith.  (Bankr. Dkt. # 27.)  The hearing on the

Trustee's motion to dismiss was set for November 6, 2024.  (*See id.*)

At the October 2, 2024 confirmation hearing, the bankruptcy court orally denied

Mr. Bergeron's proposed plan.  (*See* Bankr. Dkt. ## 35-37.)  On October 3, 2024, the

bankruptcy court entered a written order denying plan confirmation and ordering Mr.

Bergeron to file a proposed amended chapter 13 plan correcting the deficiencies

identified in that order by October 23, 2024.  (*See* Bankr. Dkt. # 37.)  The bankruptcy

court continued the plan confirmation hearing to November 20, 2024.  (*See* 10/3/24

Bankr. Dkt. Entry.)

Mr. Bergeron did not file a proposed amended plan.  (*See generally* Bankr. Dkt.)

Instead, on October 17, 2024, Mr. Bergeron moved for reconsideration of the bankruptcy

---

[3] Mr. Bergeron did not file a notice setting his objection for hearing until October 2, 2024.  (Bankr. Dkt. # 33.)

1   court's October 3, 2024 plan confirmation denial order.  (Bankr. Dkt. # 43.)  The

2   bankruptcy court denied Mr. Bergeron's motion for reconsideration on October 18, 2024,

3   reasoning that Mr. Bergeron had not identified any new facts or evidence justifying

4   reconsideration of the court's plan confirmation denial order.  (Bankr. Dkt. # 44.)  On

5   October 29, 2024, Mr. Bergeron filed an objection to the Trustee's motion to dismiss the

6   case.  (Bankr. Dkt. # 49.)

7        On November 4, 2024, Mr. Bergeron appealed the bankruptcy court's October 18,

8   2024 order denying his motion for reconsideration.  (Bankr. Dkt. # 54.)  Two days later,

9   at the November 6, 2024 hearing on the Trustee's dismissal motion, the bankruptcy court

10  orally ruled that Mr. Bergeron filed his chapter 13 petition in bad faith and accordingly

11  dismissed his case and barred him from refiling for bankruptcy for 180 days.  (Bankr.

12  Dkt. # 61 (audio file) ("MTD Hearing").)  The bankruptcy court also orally ruled that the

13  dismissal of Mr. Bergeron's bankruptcy case rendered his objection to Deutsche Bank's

14  claim moot.  (MTD Hearing at 18:50-19:30.)  On November 7, 2024, the bankruptcy

15  court entered a written order dismissing Mr. Bergeron's chapter 13 case.  (Bankr. Dkt.

16  # 62.)  On November 13, 2024, the court entered a written order overruling Mr.

17  Bergeron's claim objection as moot.  (Bankr. Dkt. # 68.)

18       On November 21, 2024, Mr. Bergeron moved for reconsideration of the

19  bankruptcy court's November 7, 2024 dismissal order.  (Bankr. Dkt. # 75.)  The

20  bankruptcy court denied that motion on November 25, 2024.  (Bankr. Dkt. # 76.)  On

21  December 9, 2024, Mr. Bergeron appealed the bankruptcy court's November 7, 2024

22

1    dismissal order and November 25, 2024 order denying his motion for reconsideration of

2    the dismissal order.  (Bankr. Dkt. ## 81, 82.)

3                                **III.    ANALYSIS**

4          Below, the court addresses each of Mr. Bergeron's appeals in turn.[4]

5    **A.     Mr. Bergeron's Appeal of the Bankruptcy Court's October 18, 2024 Order
         (C24-1815JLR)**

6          The court begins with Mr. Bergeron's appeal of the bankruptcy court's October

7    18, 2024 order denying his motion for reconsideration of its October 3, 2024

8    confirmation denial order.  As a preliminary matter, the Trustee contends that the court

9    does not have jurisdiction over Mr. Bergeron's appeal because the bankruptcy court's

10   confirmation denial order is an interlocutory, non-final order.  (C24-1815JLR, Trustee

11   Br. (Dkt. # 13) at 15-16.)[5]

12         As noted, Mr. Bergeron appealed the bankruptcy court's October 18, 2024 order

13   denying reconsideration of the confirmation denial order—not the confirmation denial

14   order itself.  (*See* C23-1815JLR Not. (Dkt. # 1); Bankr. Dkt. # 54.)  In any event, "[a]n

15   order denying reconsideration is interlocutory if the underlying order is interlocutory." *In*

16   *re 450 S. Burlington Partners LLC*, No. CV 09-4097 PSG, 2009 WL 2460880, at *4 n.2

17   (C.D. Cal. Aug. 5, 2009) (quoting *Wilson v. Wells Fargo Bank, N.A. (In re Wilson)*, 402

18

19   _____

20   [4] On June 3, 2025, the court consolidated Mr. Bergeron's three appeals.  (*See*
     C24-1815JLR, 6/3/25 Order (Dkt. # 15).)  Although the cases have been consolidated for
21   administrative purposes, the court considers each of Mr. Bergeron's three appeals separately, as
     noted below.

22      [5] Unless stated otherwise, the citations to the record in this section III.A refer to the
     C24-1815JLR (W.D. Wash.) docket.

1   B.R. 66, 68 (B.A.P. 1st Cir. 2009)).  Accordingly, whether Mr. Bergeron's appeal of the

2   October 18, 2024 order denying his motion for reconsideration is interlocutory depends

3   on whether the October 3, 2024 confirmation denial order is interlocutory.  *See id.*

4          Generally, an order denying confirmation of a chapter 13 plan is an interlocutory

5   order which may be appealed only if the appellate court grants leave.  *In re Giesbrecht*,

6   429 B.R. 682, 687-88 (B.A.P. 9th Cir. 2010).  Thus, the bankruptcy court's October 3,

7   2024 confirmation denial order—and therefore, its October 18, 2024 order denying

8   reconsideration—were interlocutory, non-final orders at the time Mr. Bergeron appealed

9   the October 18, 2024 order.

10         An order denying plan confirmation, however, is not interlocutory if "*the*

11  *underlying [bankruptcy] case is also dismissed*."  *See id.* (emphasis added) (citing cases).

12  That is because an interlocutory order becomes final and appealable once a final

13  dismissal order is entered.  *See Hall v. City of Los Angeles*, 697 F.3d 1059, 1070-71 (9th

14  Cir. 2012) (noting general rule that interlocutory rulings merge into the final judgment

15  and are within the appellate court's jurisdiction to review on appeal); *see also Cato v.*

16  *Fresno City*, 220 F.3d 1073, 1074-75 (9th Cir. 2000) (holding that entry of subsequent

17  order fully and finally disposing of the matter "cured" the defect in counsel's immediate

18  notice of appeal).  Accordingly, the bankruptcy court's October 18, 2024 interlocutory

19  order became final and appealable once the bankruptcy court dismissed Mr. Bergeron's

20  chapter 13 case.  Therefore, from a finality perspective, Mr. Bergeron's appeal of the

21  bankruptcy court's October 18, 2024 order is properly before this court.  The court will

22

therefore consider the merits of Mr. Bergeron's appeal of this order.[6]  The court reviews a

bankruptcy court order denying a debtor's motion for reconsideration for abuse of

discretion.  *In re Erickson*, No. 23-60037, 2024 WL 4273821, at *1 (9th Cir. Sept. 24,

2024).

In his opening brief, Mr. Bergeron argues that the bankruptcy court erred by

(1) denying confirmation of his chapter 13 plan before adjudicating his objections to

Deutsche Bank's claim and other alleged misconduct; (2) failing to question the Trustee

about his investigation of Mr. Bergeron's objections to Deutsche Bank's claim; and

(3) failing "to use its equitable powers to prevent injustice" to Mr. Bergeron.[7]  (Bergeron

Br. at 5-6.)  The court addresses Mr. Bergeron's arguments below.

1.  Denial of Plan Confirmation

Mr. Bergeron challenges the bankruptcy court's denial of plan confirmation in his

chapter 13 case.  As Mr. Bergeron acknowledges, the United States Bankruptcy Code

("Bankruptcy Code") requires a bankruptcy court to confirm a debtor's plan *if the plan*

---

[6] Mr. Bergeron also appears to make arguments related to the bankruptcy court's
November 7, 2024 dismissal order in his briefing.  (*See, e.g.*, Bergeron Br. at 7, 11-13, ; *see*
Bergeron Reply Br. at 10-14, 16-17.)  Because Mr. Bergeron separately appealed the dismissal
order (*see* C24-2069JLR, Not. (Dkt. # 1)), and because Mr. Bergeron appealed the bankruptcy
court's order denying reconsideration of its plan confirmation denial order in the instant appeal
(*see* C24-1815JLR, Not. (Dkt. # 1)), the court does not address Mr. Bergeron's dismissal order
arguments in this section; rather, Mr. Bergeron's appeal of the dismissal order is addressed
below in section III.B.

[7] Mr. Bergeron also asserts that the Trustee's filing of his motion to dismiss "prejudiced
the [bankruptcy court] by being filed before [Mr. Bergeron's] objections [to Deutsche Bank's
claim] were heard."  (Bergeron Br. at 5.)  The court is not aware of any authority holding that a
motion to dismiss a bankruptcy case cannot be filed before claim objections are heard.  The court
accordingly finds no error here.

1    *satisfies the statutory requirements of section 1325(a).*  11 U.S.C. § 1325(a); (*see*

2    Bergeron Br. at 13).  During the October 3, 2024 confirmation hearing, the bankruptcy

3    court held that Mr. Bergeron's proposed plan did not satisfy the requirements for plan

4    confirmation for the reasons articulated in the Trustee's objection, including that Mr.

5    Bergeron had failed to disclose certain property and payments made to third parties,

6    failed to file his bankruptcy schedules and statement of financial affairs, and did not

7    propose to pay certain creditors.  (Bankr. Dkt. # 36 (audio file) ("Confirmation Hearing")

8    at 8:38-9:25; *see* Bankr. Dkt. # 26 (listing Trustee's objections).)  Mr. Bergeron

9    participated in the confirmation hearing and did not dispute the Trustee's objections.

10    (*See generally* Confirmation Hearing.)  And after the bankruptcy court orally denied

11    confirmation of Mr. Bergeron's plan, Mr. Bergeron affirmed that he understood the

12    court's order.  (*Id.* at 14:30-14:38.)

13        In his motion seeking reconsideration of the plan confirmation denial order, Mr.

14    Bergeron provided no evidence demonstrating that he satisfied the statutory requirements

15    for plan confirmation; instead Mr. Bergeron raised various issues in connection with his

16    objection to Deutsche Bank's claim.  (*See* Bankr. Dkt. # 43.)  In its order denying

17    reconsideration, the bankruptcy court noted that Mr. Bergeron's motion focused on

18    Deutsche Bank's claim, and held that Mr. Bergeron had failed to provide new facts or

19    law justifying reconsideration of the plan confirmation denial order.  (Bankr. Dkt. # 44.)

20    Having reviewed the record, the court concludes that the bankruptcy court did not abuse

21    its discretion in denying Mr. Bergeron's motion for reconsideration of the plan

22    confirmation denial order.

1    Mr. Bergeron's arguments on appeal are also grounded in his objection to

2  Deutsche Bank's claim.  Specifically, Mr. Bergeron argues that the plan confirmation

3  denial order was improper because the bankruptcy court did not first adjudicate his

4  objection to Deutsche Bank's claim.  (*See* Bergeron Br. at 13-14.)  Mr. Bergeron asserts

5  that *In re Heath*, 331 B.R. 424 (9th Cir. B.A.P. 2005), supports his argument.  (Bergeron

6  Br. at 14.)  The court disagrees.  The Bankruptcy Appellate Panel in *Heath* affirmed the

7  bankruptcy court's order allowing certain creditors' claims in the debtor's ongoing

8  bankruptcy case.  *Heath*, 331 B.R. at 438.  Plan confirmation was not at issue in that case.

9  *See generally id.*  Accordingly, *Heath* is inapposite.

10    Mr. Bergeron cites to several other cases that purportedly support his assertion that

11  the bankruptcy court was required to adjudicate his claim objection before denying plan

12  confirmation.  (*See* Bergeron Br. at 14-15, 21-22 (citing cases).)  None of these cases,

13  however, supports Mr. Bergeron's position.  In *United Student Aid Funds, Inc. v.*

14  *Espinosa*, 559 U.S. 260 (2010), the United States Supreme Court considered the propriety

15  of a bankruptcy court's order confirming a plan that discharged student loan debt.  *See*

16  *generally id.*  The Bankruptcy Appellate Panel in *In re Veal*, 450 B.R. 897 (B.A.P. 9th

17  Cir. 2011) considered whether a loan servicer had standing to seek relief from the

18  automatic stay.  *See id.* at  914, 922.  In *In re Bozeman*, 57 F.4th 895 (11th Cir. 2023), the

19  Eleventh Circuit considered the res judicata effect of a confirmation order—an issue not

20  applicable here.  *See id.* at 914-16.  In *In re Bonner Mall Partnership*, the Ninth Circuit

21  considered whether the "new value exception" remained a viable doctrine following the

22  enactment of the Bankruptcy Code.  2 F.3d 899, 901 (9th Cir. 1993).  And plan

1    confirmation is not even mentioned in *In re Marino*, 949 F.3d 483 (9th Cir. 2020), *In re*

2    *Schwartz-Tallard*, 803 F.3d 1095 (9th Cir. 2015), or *In re Canino*, 185 B.R. 584 (B.A.P.

3    9th Cir. 1995).[8]  Accordingly, these cases do not change the court's analysis.

4        2.  Questioning the Trustee

5        Mr. Bergeron also contends that the bankruptcy court erred by failing to question

6    the Trustee regarding his investigation of Mr. Bergeron's objection to Deutsche Bank's

7    claim.  (Bergeron Br. at 5.)  The Trustee's investigation of Deutsche Bank's claim,

8    however, has no bearing on whether Mr. Bergeron proposed a plan that satisfied the

9    statutory requirements for confirmation.[9]  Accordingly, the court finds no error here.

10        3.  "Equitable Powers to Prevent Injustice"

11        Mr. Bergeron further asserts that the bankruptcy court erred by "failing to use its

12    equitable powers to prevent injustice" to him.  (*Id.*)  Mr. Bergeron does not explain which

13    "equitable powers" he is referring to.  Nevertheless, as explained, the court finds no

14    "injustice" in the bankruptcy court's decision to deny reconsideration of the plan

15    confirmation denial order.  The court accordingly declines to reverse the bankruptcy

16    court's order on this basis.

17

18

19        [8] Mr. Bergeron appears to have provided the incorrect citation for *In re Decker*, 865 F.2d
     139 (9th Cir. 1989).  The court is unable to locate that case.

20        [9] Mr. Bergeron also argues that the bankruptcy court failed to address alleged
     professional misconduct by Deutsche Bank's counsel in filing Deutsche Bank's claim.
21    (Bergeron Br. at 15.)  But misconduct by Deutsche Bank's counsel, if any, also has no bearing
     on Mr. Bergeron's satisfaction of the plan requirements.  The court therefore does not address
22    this issue.

1    Having reviewed the record, the court concludes that the bankruptcy court did not

2    err in denying Mr. Bergeron's motion for reconsideration of the plan confirmation denial

3    order.  The bankruptcy court's reconsideration order is therefore affirmed and Mr.

4    Bergeron's appeal of this order is dismissed with prejudice.

5    **B.    Mr. Bergeron's Appeal of the Bankruptcy Court's November 7, 2024 Dismissal Order (C24-2069JLR)**

6    As stated, on November 7, 2024, the bankruptcy court dismissed Mr. Bergeron's

7    chapter 13 case and barred him from refiling for bankruptcy for 180 days.  (Bankr. Dkt.

8    # 62.)  Mr. Bergeron timely moved for reconsideration of the dismissal order on

9    November 21, 2024.  (Bankr. Dkt. # 75); *see also In re Weston*, 41 F.3d 493, 495 (9th

10   Cir. 1994) ("In this circuit, a motion for reconsideration is considered to be a Bankruptcy

11   Rule 9023 motion[.]"); Fed. R. Bankr. P. 9023(b) (setting 14-day filing deadline for Rule

12   9023 motions).  After the bankruptcy court denied Mr. Bergeron's motion for

13   reconsideration on November 25, 2024, he timely appealed the dismissal order on

14   December 9, 2024.  (*See* C24-2069JLR, Not. (Dkt. # 1) at 12[10]; Bankr. Dkt. ## 76, 81);

15   *see also Hunanyan*, 2023 WL 4703170, at *1 (holding that Bankruptcy Rule

16   8002(b)(1)(B) tolls the deadline to file a notice of appeal to 14 days after entry of an

17   order disposing of a Bankruptcy Rule 9023 motion).  Accordingly, Mr. Bergeron's

18   December 9, 2024 appeal of the dismissal order is timely.  The court therefore considers

19   the merits of his appeal below.

20

21

22   _____

[10] Unless stated otherwise, the citations to the record in this section III.B refer to the C24-2069JLR (W.D. Wash.) docket.

ORDER - 11

Mr. Bergeron asks the court to reverse the bankruptcy court's November 7, 2024 dismissal order for several reasons. Specifically, Mr. Bergeron argues that the bankruptcy court: (1) lacked jurisdiction to dismiss his bankruptcy case because it "fail[ed] to confirm its oath of office" prior to the dismissal hearing; (2) erred in dismissing his chapter 13 petition based on bad faith without considering his allegations of ineffective counsel, creditor misconduct, and other procedural issues; and (3) deprived him of due process by failing to address his fraud allegations and objection to Deutsche Bank's claim before dismissal. (Bergeron Br. at 5-6.)[11] Below, the court first discusses the applicable standards of review, and then addresses each of Mr. Bergeron's arguments.

1. Standard of Review

The court reviews a bankruptcy court order dismissing a debtor's chapter 13 case and imposing a bar to refiling for abuse of discretion. *Erickson*, 2024 WL 4273821, at *1. A bankruptcy court abuses its discretion if its decision is based on an incorrect legal rule, or if its "application of the correct legal standard was (1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (citation omitted). A bankruptcy court's legal conclusions are reviewed *de novo*. *Blausey v. United States Trustee*, 552 F.3d 1124, 1132 (9th Cir. 2009). The court considers Mr. Bergeron's arguments on appeal with these principles in mind.

---

[11] Mr. Bergeron asserts five separate issues for appeal in his opening brief. (*See* Bergeron Br. at 5-6.) The fourth and fifth issues identified by Mr. Bergeron, however, are duplicative of his second and third issues, so the court considers those issues in addressing his second and third issues.

2.   Oath of Office Violation

Mr. Bergeron asserts that the bankruptcy court lacked jurisdiction to dismiss his chapter 13 case because the bankruptcy court "fail[ed] to confirm its oath of office" in violation of 28 U.S.C. § 453 before "presiding over []his case[.]"  (Bergeron Br. at 9; *see id.* at 9-12.)  The court understands Mr. Bergeron to argue that the bankruptcy court's order is invalid because it did not explicitly read or affirm its oath of office before taking any action in his bankruptcy case.

Section 453 requires judges of the United States to take an oath to administer justice and "faithfully and impartially discharge and perform all the duties" prescribed under the Constitution.  28 U.S.C. § 453.  Mr. Bergeron has not provided—and the court cannot locate—any case requiring judges to *explicitly* read or affirm this oath before presiding over a case.  More importantly, as further explained below, Mr. Bergeron has not identified any conduct by the bankruptcy court that departs from this oath.  Accordingly, the court is not persuaded by Mr. Bergeron's argument.

3.   Dismissal for Bad Faith

Mr. Bergeron also asserts that the bankruptcy court erred by dismissing his chapter 13 case for bad faith.  (Bergeron Br. at 16-20.)  The Trustee responds that the bankruptcy court's dismissal of Mr. Bergeron's case was appropriate and should be affirmed.  (*See* Tr. Br. at 15-17.)  A bankruptcy court's findings of bad faith are reviewed for clear error. *Eisen v. Curry*, 14 F.3d 469, 470 (9th Cir. 1994).

The purpose of a chapter 13 bankruptcy case is to permit a debtor to pay his debts under a plan of reorganization that is fair to his creditors.  *In re Anderson*, 3 B.R. 160,

1    163 (S.D. Cal. 1980).  To carry out this purpose, the Bankruptcy Code requires that a

2    debtor's chapter 13 plan is proposed in "good faith."  11 U.S.C. § 1325(a)(3).  A chapter

3    13 case filed in "bad faith may be dismissed for cause pursuant to 11 U.S.C. § 1307(c)."

4    *Eisen*, 14 F.3d at 470.  In considering whether to dismiss a debtor's chapter 13 case for

5    bad faith, the bankruptcy court must apply a four-factor "totality of the circumstances"

6    test.  *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999) (citing *Eisen*, 14 F.3d at 470).  In

7    employing this test, the bankruptcy court examines (1) whether the debtor

8    "misrepresented facts" in his petition or plan, "unfairly manipulated the Bankruptcy

9    Code," or otherwise filed his chapter 13 petition or plan "in an inequitable manner";

10    (2) "the debtor's history of filings and dismissals"; (3) whether the debtor filed for

11    bankruptcy relief "intend[ing] to defeat state court litigation"; and (4) "whether egregious

12    behavior is present[.]"  *Id.* (citing cases).  Neither malice nor fraudulent intent by the

13    debtor is required for a finding of bad faith.  *Id.*

14         Mr. Bergeron contends that the bankruptcy court's finding of bad faith is

15    unsupported by the record and fails to consider the totality of the circumstances.

16    (Bergeron Br. at 16, 20.)  The court disagrees.  At the hearing on the Trustee's motion to

17    dismiss, the bankruptcy court found that Mr. Bergeron's chapter 13 case was his sixth

18    bankruptcy filing,[12] and that nearly all of his previous bankruptcy cases were dismissed

19    for failure to file required documents.  (MTD Hearing at 10:40-12:00; Bankr. Dkt. # 49

20    (listing previous bankruptcy cases).)  The bankruptcy court observed that in multiple of

21

22    _____

     [12] The bankruptcy court also noted that Mr. Bergeron's wife had separately filed four
     bankruptcy cases.  (MTD Hearing at 10:40-11:15.)

1    his previous bankruptcy cases, as in his chapter 13 case before the bankruptcy court, Mr.

2    Bergeron's scheduled assets included his residential property at 5019 Ocean Avenue,

3    Everett, Washington 98203 ("Everett Property"), which was subject to foreclosure

4    proceedings. (MTD Hearing at 11:15-11:55; Schedule A/B (Dkt. # 18) at 7.) Mr.

5    Bergeron filed the instant bankruptcy case approximately one month after the stay was

6    lifted in his wife's case to permit state court foreclosure proceedings in connection with

7    the Everett Property. (MTD Hearing at 12:30-12:45.) Mr. Bergeron's chapter 13 plan

8    also proposed that monthly payments be made to unsecured creditors, but Mr. Bergeron

9    simultaneously represented that he had no unsecured creditors to pay. (MTD Hearing at

10   13:00-13:10, 14:05-14:20, 17:00-17:30; Bankr. Dkt. # 49 at 3.) Moreover, the

11   bankruptcy court noted that Mr. Bergeron had failed to timely file an amended plan as the

12   bankruptcy court had ordered him to do. (MTD Hearing at 13:05-13:36; Bankr. Dkt. # 37

13   at 2.) And in Mr. Bergeron's objection to the Trustee's motion to dismiss, he asserted

14   that the bankruptcy court must deem his chapter 13 plan to be "filed in good faith" until it

15   adjudicated Mr. Bergeron's objection to Deutsche Bank's claim. (Bankr. Dkt. # 49 at 2.)

16   From these findings, the bankruptcy court concluded that Mr. Bergeron's bankruptcy

17   case was filed for purposes of avoiding state court litigation by litigating Deutsche

18   Bank's claim in bankruptcy court, rather than to propose a plan to pay creditors. (*See*

19   MTD Hearing at 14:20-14:33, 17:37-17:58.)[13]  The bankruptcy court accordingly found

20

21        [13] Indeed, on appeal, Mr. Bergeron represents that he "filed for [chapter 13] relief in good
     faith *to contest a facially defective and potentially fraudulent proof of claim filed by Carrington*"
22   on behalf of Deutsche Bank. (Bergeron Reply Br. at 5.)

1   that Mr. Bergeron filed his chapter 13 case in bad faith, and consequently dismissed his

2   case and barred him from refiling for bankruptcy for 180 days.[14]  (Bankr. Dkt. # 62.)

3   Having reviewed the bankruptcy court's order and the record evidence, the court

4   concludes that the bankruptcy court's bad faith finding was not clearly erroneous.

5          Mr. Bergeron contends that the bankruptcy court's dismissal order deprived him of

6   due process because, in his view, he did not have "a meaningful opportunity to contest

7   the bad faith allegations with supporting evidence." (Bergeron Br. at 19.)  This

8   contention, however, is plainly unsupported by the record.  The Trustee's motion to

9   dismiss was filed and served on Mr. Bergeron on September 26, 2024.  (Bankr. Dkt.

10  ## 27, 28.)  Mr. Bergeron had an opportunity to respond—and indeed, did respond—to

11  the Trustee's motion in advance of the hearing.  (Bankr. Dkt. # 49.)  And at the

12  November 6, 2024 hearing, Mr. Bergeron also had an opportunity to argue his opposition

13  to the Trustee's motion to dismiss.  Accordingly, Mr. Bergeron was not deprived of due

14  process.  *See Erickson*, 2024 WL 4273821, at *2 (reaching the same conclusion).[15]

15

16

---

17  [14] Mr. Bergeron appears to assert that the bankruptcy court erred by relying on

18  "unverified assertions by the Trustee" in finding bad faith by Mr. Bergeron.  (Bergeron Br. at 19; *see id.* at 17 (arguing that the "Trustee failed to substantiate claims of bad faith").)  Mr. Bergeron, however, does not specify which of the Trustee's allegations were unsubstantiated.

19  (*See generally id.*)  In any event, the court concludes that the reasons cited by the bankruptcy court in finding bad faith are supported by record evidence and therefore are not clearly erroneous.

20  [15] To the extent Mr. Bergeron argues that the bankruptcy court's order was improper

21  because he was not represented by counsel at the November 6, 2024 hearing (*see* Bergeron Br. at 6), the court is not persuaded.  *Pro se* debtors are subject to the Bankruptcy Rules, just like other litigants.  *In re Herman*, No. A07-00138-HAR, 2007 WL 1434287, at *1 (Bankr. D. Alaska May

22  15, 2007).

Mr. Bergeron also asserts that in finding bad faith, the bankruptcy court failed to "account for mitigating factors that directly influenced [his] prior [bankruptcy] filings"— namely, that he was "the victim of ineffective assistance of counsel." (Bergeron Br. at 17.)  He asserts that *In re Tucker*, 989 F.2d 328 (9th Cir. 1993), required the bankruptcy court to consider whether Mr. Bergeron's "procedural failures stemmed from external legal deficiencies rather than [his] own conduct." (*Id.*)  Mr. Bergeron, however, mischaracterizes *Tucker*.  In that case, the Ninth Circuit reversed the bankruptcy court's order overruling the trustee's good faith objection on the basis that the bankruptcy court's order contained *no* factual findings and wholly failed to address the trustee's objection. *Tucker*, 989 F.2d at 330.  That case is therefore inapposite here.

Mr. Bergeron also argues that the bankruptcy court improperly imposed a 180-day filing bar.  (Bergeron Reply Br. at 11-13.)  Courts within the Ninth Circuit, however, have imposed 180-day filings bars after finding, as the bankruptcy court did here, that the debtor's bankruptcy case was not filed in good faith.  *See, e.g.*, *In re Knedlik*, No. WW-08-1011-KuKJu, 2008 WL 8444815, at *3 (B.A.P. 9th Cir. June 30, 2008) (affirming bankruptcy court's order imposing 180-day filing bar after concluding in part that the debtor's petition was "an abuse of the bankruptcy system"); *In re Mitchell*, 357 B.R. 142, 157 (Bankr. C.D. Cal. 2006) (concluding 180-day filing bar was warranted after finding debtor acted in bad faith).  The court therefore finds no error here.

In dismissing Mr. Bergeron's case, the bankruptcy court employed and appropriately considered the four-factor "totality of the circumstances" test (*see* MTD Hearing at 15:00-18:39), and the bankruptcy court's findings are supported by the record

1   evidence.  The court therefore concludes that the bankruptcy court did not abuse its

2   discretion in finding that Mr. Bergeron's bad faith constituted cause for dismissal with a

3   180-day bar to refiling.

4       4.  Failure to Address Mr. Bergeron's Fraud Allegations Before Dismissal

5       Mr. Bergeron also asserts that the bankruptcy court violated his due process rights

6   by failing to address his fraud allegations regarding Deutsche Bank's claim before

7   dismissing his case for bad faith.  (Bergeron Br. at 12-16; *see id.* at 13 (arguing that the

8   bankruptcy court failed to provide Mr. Bergeron a hearing to address his claim

9   objections).)  After dismissing Mr. Bergeron's case, the bankruptcy court overruled Mr.

10  Bergeron's claim objection as moot.  (Bankr. Dkt. # 68.)  Mr. Bergeron asserts that the

11  bankruptcy court therefore "silence[d] [his] right to contest [Deutsche Bank's] fraudulent

12  claim."  (Bergeron Reply Br. at 10; *see* Bergeron Br. at 21.)

13      Mr. Bergeron, however, has not provided—and the court is not aware—of any

14  authority holding that a bankruptcy court must resolve claim objections before dismissing

15  a debtor's case for bad faith.  (*See generally* Bergeron Br.; Bergeron Reply Br.)  Indeed,

16  the validity of a creditor's claim has no bearing on whether *the debtor* filed his or her

17  bankruptcy case in good faith in the first instance.[16]  In similar contexts, courts across

18  districts have dismissed debtors' bankruptcy cases *without* resolving the debtor's claim

19

20      [16] Indeed, a debtor must satisfy the "good faith" requirement to proceed in a bankruptcy case.  *See* 11 U.S.C. § 1325(a) (requiring "good faith" as a requirement for chapter 13 plan

21  confirmation); *cf. In re 10 Bears at Chiloquin, Inc.*, No. 06-62079-FRA7, 2007 WL 1673538, at *3 (Bankr. D. Or. June 6, 2007) ("It is generally recognized that 'good faith' is a threshold

22  prerequisite to securing Chapter 11 relief.").

1    objections. *See, e.g.*, *Bote v. Derham-Burk*, No. 3:18-cv-02246-WHO, 2018 WL

2    5454150, at *2 (N.D. Cal. Oct. 29, 2018), *aff'd*, 801 F. App'x 498 (9th Cir. 2020)

3    (holding that the bankruptcy court did not abuse its discretion by granting the trustee's

4    motion to dismiss before considering the merits of the debtor's claim objection); *In re*

5    *Hook*, 469 B.R. 62, 67 (D. Colo. 2011) (stating that claim objection became "moot" after

6    dismissal of the debtor's case). The court accordingly finds no error in the bankruptcy

7    court's decision to dismiss Mr. Bergeron's case for bad faith without resolving his claim

8    objection against Deutsche Bank.[17]

9         Mr. Bergeron again argues that under *Heath*, the bankruptcy court was required to

10    resolve his claim objection before dismissing his bankruptcy case. (Bergeron Reply Br.

11    at 9 (citing *Heath*, 331 B.R. at 424).) Specifically, Mr. Bergeron contends that the *Heath*

12    opinion "emphasized that objections implicating standing, fraud, or defective

13    documentation must be addressed" before dismissal. (*See id.*) But *Heath* did not involve

14    dismissal of a bankruptcy case; rather, as stated, the Bankruptcy Appellate Panel

15    considered the debtors' objections to a certain creditor's proofs of claim for purposes of

16    determining whether the creditor's claims should be allowed in the debtors' *ongoing*

17

18    ─────────────

19         [17] Mr. Bergeron appears to argue that, under 11 U.S.C. § 502(b), the bankruptcy court
    was required to adjudicate his claim objection before dismissing his case. (*See* Bergeron Br. at
20    14, 18; Bergeron Reply Br. at 5.) Section 502(b) provides that "if [an] objection to a claim is
    made, the court, after notice and a hearing, shall determine the amount of such claim[,]" with
21    exceptions inapplicable here. 11 U.S.C. § 502(b). The court, however, is not aware of any
    authority providing that a bankruptcy court must resolve claim objections before dismissing a
    debtor's case for bad faith. Indeed, as stated, *Bote* and *Hook* demonstrate that the bankruptcy
22    court need not resolve claim objections before dismissal of a bankruptcy case.

ORDER - 19

1   chapter 7 case. *See Heath*, 331 B.R. at 426. Accordingly, *Heath* does not support Mr.

2   Bergeron's argument.

3        In light of the foregoing, the court concludes that the bankruptcy court did not err

4   in dismissing Mr. Bergeron's chapter 13 case for bad faith before addressing the merits of

5   Mr. Bergeron's claim objection. The bankruptcy court's dismissal order is therefore

6   affirmed and Mr. Bergeron's appeal of the bankruptcy court's dismissal order is

7   dismissed with prejudice.

8   **C.   Mr. Bergeron's Appeal of the Bankruptcy Court's November 25, 2024 Order Denying his Motion for Reconsideration (C24-2070JLR)**

9        On November 25, 2024, the bankruptcy court denied Mr. Bergeron's motion

10  seeking reconsideration of the dismissal order. (Bankr. Dkt. # 76.) Mr. Bergeron timely

11  appealed the bankruptcy court's reconsideration order on December 9, 2024.

12  (C24-2070JLR (W.D. Wash.), Not. (Dkt. # 1)[18]; *see* Bankr. Dkt. # 82); Fed. R. Bankr. P.

13  8002(a) (setting 14-day deadline to file notice of appeal). Mr. Bergeron's motion for

14  reconsideration of the dismissal order—and his appeal of the bankruptcy court's

15  reconsideration order—raise issues nearly identical to those raised in his appeal of the

16  bankruptcy court's dismissal order discussed above. (*Compare* C24-2069JLR, Bergeron

17  Br. at 5-6, *with* C24-2070JLR, Bergeron Br. at 5-6; *see* Bankr. Dkt. # 75.)[19] As stated,

18

19        [18] Unless stated otherwise, the citations to the record in this section III.C refer to the C24-2070JLR (W.D. Wash.) docket.

20        [19] In his appeal of the bankruptcy court's reconsideration order, Mr. Bergeron also argues that the bankruptcy court's "failure to verify foreclosure standing in [his] co-borrower's [i.e., his wife] case raises due process concerns" and "violates consumer protection laws designed to

21  prevent fraudulent claims." (Bergeron Br. at 27.) The bankruptcy court's purported failure to

22

1    the court reviews a bankruptcy court order denying a debtor's motion for reconsideration

2    for abuse of discretion. *Erickson*, 2024 WL 4273821, at *1.

3            If a motion for reconsideration is timely filed within 14 days following the date of

4    entry of the disputed order, "the motion is treated as a motion to alter or amend the

5    judgment under [Federal Rule of Civil Procedure] 59(e)." *In re Gomez*, Adv. No.

6    11-02360-TBD, 2012 WL 5938722, at *3 (B.A.P. 9th Cir. Nov. 28, 2012) (citation

7    omitted). "Such a motion is "analogous to a motion for new trial or to alter or amend the

8    judgment pursuant to [Rule] 59 as incorporated by Rule 9023." *Id.* (citation omitted).

9    "Absent highly unusual circumstances, a motion under [] Rule 59(e) should not be

10   granted unless the court is presented with newly discovered evidence, committed clear

11   error, or if there is an intervening change of controlling law." *In re Inglewood Woman's*

12   *Club, Inc.*, No. 4:15-BK-15376-SHG, 2017 WL 2492530, at *5 (B.A.P. 9th Cir. June 7,

13   2017), *aff'd*, 708 F. App'x 392 (9th Cir. 2017). Importantly, motions for reconsideration

14   are not for "rehashing" arguments or for asserting new legal theories that could have been

15   raised previously. *Id.*

16           In its order denying reconsideration of its dismissal order, the bankruptcy court

17   concluded that Mr. Bergeron failed to provide any new facts or law that could not have

18   previously been brought before the bankruptcy court.[20] (Bankr. Dkt. # 76 at 2.) Having

19   _____

20   address standing issues in Mr. Bergeron's wife's bankruptcy case are not before this court on
     appeal and therefore will not be considered.

21           [20] In his opening appellate brief, however, Mr. Bergeron does raise as a new argument
     that the trustee's counsel's involvement in both his chapter 13 case and in his wife's chapter 7
22   case "[a]mounts to collusion" that "compromise[s] the integrity of [Mr. Bergeron's chapter 13]

1     reviewed the record, the court concludes that the bankruptcy court did not abuse its

2     discretion in denying Mr. Bergeron's motion for reconsideration of its dismissal order.

3     **IV.    CONCLUSION**

4         For the foregoing reasons, the court ORDERS as follows:

5         (1) The bankruptcy court's October 18, 2024 order denying Mr. Bergeron's

6     motion for reconsideration of the bankruptcy court's plan confirmation denial order is

7     AFFIRMED, and Mr. Bergeron's appeal of that order is DISMISSED with prejudice

8     (C24-1815JLR);

9         (2) The bankruptcy court's November 7, 2024 order dismissing Mr. Bergeron's

10     chapter 13 case and barring him from refiling for bankruptcy for 180 days is

11     AFFIRMED, and Mr. Bergeron's appeal of that order is DISMISSED with prejudice

12     (C24-2069JLR); and

13         (3) The bankruptcy court's November 25, 2024 order denying Mr. Bergeron's

14     motion for reconsideration of its order dismissing his case is AFFIRMED, and Mr.

15     Bergeron's appeal of that order is DISMISSED with prejudice (C24-2070JLR).

16         Dated this 12th day of June, 2025.

17

18                          JAMES L. ROBART
                           United States District Judge

19

20 —————————

21     case." (Bergeron Br. at 25; *see* Bankr. Dkt. # 75 (Mr. Bergeron's motion for reconsideration).)
This argument does not change the court's analysis.  This argument was not before the
bankruptcy court at the time it denied Mr. Bergeron's motion for reconsideration.  Furthermore,

22     Mr. Bergeron provides no evidence of collusion by the trustee's counsel, nor does he explain
how the trustee's counsel's involvement in both cases evinces collusion.